UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

S. M.,

      Plaintiff,

v.                                                 Case No: 6:24-cv-673-PGB-EJK

4201 ORLANDO, INC. and NEW
START CITY, INC.,

      Defendants.

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion for Leave to File Under Seal (the "Motion"), filed April 15, 2024. (Doc. 14). Therein, Plaintiff S.M. seeks the Court's leave to file a copy of her Certificate of Interested Persons and Corporate Disclosures Statement (Doc. 11) that contains Plaintiff's identifying information under seal. (*Id*. at 1.) For the reasons set forth below, the Motion is due to be granted.

### I.    STANDARD

Local Rule 1.11(b) requires the following for filing a document under seal:

> [The Motion] (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal"; (2) must describe the item [proposed for sealing]; (3) must establish . . . filing the item is necessary, . . . sealing the item is necessary, and . . . using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) must include a legal memorandum; (5) must propose a duration of the seal; (6) must state the name, mailing address, email address, and

> telephone number of the person authorized to retrieve a sealed, tangible item; (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the

> availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

## II. DISCUSSION

The Court finds that Plaintiff has complied with the requirements under Local Rule 1.11(b) for filing a motion to seal and has articulated good cause for filing a copy of her Certificate of Interested Persons and Corporate Disclosures Statement (Doc. 11), which include Plaintiff's personal identifying information, under seal. Plaintiff alleges that she was sex trafficked, which required her to engage in non-consensual sex acts with an average of ten customers per day, for her traffickers' and Defendants' mutual profits. (Doc. 1-2 ¶¶ 71–97.)

Based on these allegations, the undersigned concludes that allowing access to Plaintiff's personal identifying information in the filing would harm legitimate privacy interests, *Romero*, 480 F.3d at 1246, and Plaintiff's privacy interests outweigh the customary and constitutionally embedded presumption of openness in judicial proceedings. *Doe*, 951 F.2d at 323.

Accordingly, it is hereby **ORDERED** that Plaintiff's Unopposed Motion for Leave to File Under Seal (Doc. 14) is **GRANTED**. **On or before April 26, 2024**, Plaintiff is **DIRECTED** to file copies of her Certificate of Interested Persons and

Corporate Disclosures Statement that include Plaintiff's personal identifying information (Doc. 14-1) under seal, as a separate docket entry, through CM/ECF. The seal shall remain in place until resolution of this matter, including any appeals, at which time the sealed filing should be destroyed.

    **DONE** and **ORDERED** in Orlando, Florida on April 19, 2024.

                                                EMBRY J. KIDD
                                        UNITED STATES MAGISTRATE JUDGE